# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-mc-00049-ODW-JC | Date | May 10, 2018 |
|---|---|---|---|
| Title | City of Almaty, et al. v. Gennady Petelin | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**  (IN CHAMBERS)

**ORDER (1) SUBMITTING AND GRANTING MOTION TO TRANSFER (DOCKET NOS. 15-16); AND (2) TRANSFERRING AND VACATING HEARING ON MOTION TO COMPEL (DOCKET NO. 13)**

## I.    SUMMARY

Pending and noticed for hearing before this Court on May 15, 2018 at 9:30 a.m., are the motions of the City of Almaty, Kazakhstan, and BTA Bank, JSC (collectively, "Movants") to (1) compel the production of documents responsive to Rule 45 subpoenas served on Gennady Petelin ("Respondent") ("Motion to Compel"); and (2) transfer the Motion to Compel to the United States District Court for the Southern District of New York ("SDNY") ("Motion to Transfer").

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion to Transfer appropriate for decision without oral argument. Accordingly, the May 15, 2018 hearing on the Motion to Transfer is vacated and such matter is taken off calendar.

Based upon the Court's review of the submissions of the Movants and Respondent in connection with the Motion to Transfer and the Motion to Compel and the Court's consideration of the pertinent facts and law, and after consultation with the United States Magistrate Judge in the SDNY who is assigned to the related litigation in the SDNY, and for the reasons explained below, this Court grants the Motion to Transfer, transfers the Motion to Compel to the United States District Court for the SDNY, and accordingly vacates the May 15, 2018 hearing on the Motion to Compel.

///
///
///
///

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-mc-00049-ODW-JC | Date | May 10, 2018 |
|---|---|---|---|
| Title | City of Almaty, et al. v. Gennady Petelin | | |

**II.    BACKGROUND AND DISCUSSION**

On December 21, 2017, in SDNY Civil Action No. 15-cv-5345 (AJN)(KHP) ("SDNY Action"), two Fed. R. Civ. P. 45 subpoenas ("Subpoenas") were issued directing Respondent – who is not a party to the SDNY Action and who apparently resides in the Central District of California ("CDCA") – to produce certain documents to the Movants in the CDCA and to appear for a deposition in the CDCA. The Subpoenas are part of the Movants' efforts to obtain discovery from the Respondent to rebut the contention of defendants in the SDNY Action that funds utilized to obtain certain investments in issue were legitimately derived from Respondent, and not defendant Mukhtar Ablyazov, and that such funds do not – as Movants contend – constitute proceeds of alleged fraudulent activities. Respondent has interposed multiple objections to the Subpoenas, including relevance and overbreadth objections. As the Movants and Respondent have been unable to resolve their disputes regarding the Subpoenas, the Motion to Compel and Motion to Transfer, which Respondent opposes, followed.

Rule 45(f) of the Federal Rules of Civil Procedure, which addresses transfers of subpoena-related motions, provides in pertinent part: "When the court where compliance is required [here, the CDCA] did not issue the subpoena, it may transfer a motion under this rule to the issuing court [here, the SDNY] if the person subject to the subpoena consents or if the court finds exceptional circumstances."

Where, as here, the person subject to a subpoena, does not consent, the Advisory Committee Notes provide that "the proponent of transfer bears the burden of showing that [exceptional] circumstances are present." The pertinent Advisory Committee notes further state:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of that motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

Here, consideration of the foregoing factors leads the Court to conclude that Movants have met their burden to show that exceptional circumstances are present and merit transfer of the Motion to Compel to the United States District Court for the SDNY.

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-mc-00049-ODW-JC | Date | May 10, 2018 |
|---|---|---|---|
| Title | City of Almaty, et al. v. Gennady Petelin | | |

First, this Court finds that transfer of the Motion to Compel would impose no burden on the Respondent, or at least no additional/incremental burden beyond that which Respondent may already be bearing by virtue of his participation in the ongoing litigation in the SDNY relative to a Wells Fargo subpoena. The record reflects that the Respondent – through counsel – has already appeared and engaged in protracted litigation in the SDNY relative to subpoenaed Wells Fargo account records, that such litigation is ongoing, that Respondent's counsel has already been admitted *pro hac vice* to participate in the SDNY Action, and that Respondent's counsel has been granted leave to participate telephonically in such litigation. Although Respondent argues that compliance with the Subpoenas that are the subject of the Motion to Compel would be burdensome, he identifies no burden arising from the transfer of the Motion to Compel to the SDNY.

Second, while the Court does not "assume" that the SDNY Magistrate Judge is in a superior position to resolve the Motion to Compel, there is no question that the SDNY Action – which has been pending for nearly three years – is immensely complex, and that the SDNY Magistrate Judge, who has already handled numerous discovery matters, is extremely familiar with the facts of the SDNY Action, the multiple individuals and entities connected therewith, and the inter-relationships between the same.

Third, the Court finds that transfer of the Motion to Compel to the SDNY would avoid or at the very least minimize disruption of the management of the SDNY Action as there appears to be significant overlap between the discovery sought by/objections to the Subpoenas and the discovery sought by/objections to the Wells Fargo subpoena, and the SDNY Magistrate Judge has already ruled on the same or at least very similar relevance objections, and is currently considering other similar/overlapping objections.

In short, transfer of the Motion to Compel is appropriate because the interests identified above which favor such transfer outweigh the Respondent's interest in obtaining local resolution of the Motion to Compel.

**III.    FURTHER ORDERS**

IT IS THEREFORE FURTHER ORDERED:

1. The Motion to Transfer is granted.

2. The Motion to Compel is transferred to the United States District Court for the SDNY for resolution.

3. The May 15, 2018 hearing in the CDCA is vacated.

IT IS SO ORDERED.